**Barbara LEHOCKY, Appellant,**

v.

**The CURATORS OF the UNIVERSITY OF MISSOURI, a Public Corporation of the State of Missouri, et al., Appellees.**

No. 76–1820.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1977.

Decided June 30, 1977.

Rehearing Denied July 18, 1977.

888

Frank Susman, St. Louis, Mo., for appellant.

Ted D. Ayres, Columbia, Mo., for appellees; Jackson A. Wright, Marvin E. Wright, James S. Newberry, Columbia, Mo., on brief.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

The sole question presented in this appeal is whether the Curators of the University of Missouri may constitutionally exclude from coverage under its medical insurance plan, payments for an elective abortion when the plan provides benefits for pregnancy resulting in childbirth.

The appellant was a full-time female employee of the appellee at the University of Missouri in St. Louis, Missouri. As an employee she was covered by a group medical insurance plan which included a clause making her eligible for a $175 primary pregnancy benefit. Appellant became pregnant and elected to terminate her pregnancy by abortion. She then submitted her claim for $175 which was refused since the plan excluded abortion from its coverage.

This case was heard on April 14, 1977, and action was deferred pending a decision by the United States Supreme Court in the cases of *Poelker v. Doe*, —— U.S. ——, 97 S.Ct. 2391, 53 L.Ed.2d 528 (1977), and *Maher v. Roe*, —— U.S. ——, 97 S.Ct. 2376, 53 L.Ed.2d 484 (1977). Those cases have now been decided, and we believe that their rationale is applicable to the appellant's claim and that the judgment of the trial court denying plaintiff's claim must be affirmed.

The Supreme Court majority in *Maher v. Roe, supra,* —— U.S. at ——, 97 S.Ct. at 2380–2381, stated as follows:

The Constitution imposes no obligation on the States to pay the pregnancy-related medical expenses of indigent women, or indeed to pay any of the medical expenses of indigents. But when a State decides to alleviate some of the hardships of poverty by providing medical care, the manner in which it dispenses benefits is subject to constitutional limitations. Appellees' claim is that Connecticut must accord equal treatment to both abortion and childbirth, and may not evidence a policy preference by funding only the medical expenses incident to childbirth. This challenge to the classifications established by the Connecticut regulation presents a question arising under the Equal Protection Clause of the Fourteenth Amendment. The basic framework of analysis of such a claim is well-settled:

"We must decide, first, whether [state legislation] operates to the disadvantage of some suspect class or impinges upon a fundamental right explicitly or implicitly protected by the Constitution, thereby requiring strict judicial scrutiny. . . . If not, the [legislative] scheme must still be examined to determine whether it rationally furthers some legitimate, articulated state purpose and therefore does not constitute an invidious discrimination . . . ." *San Antonio School District v. Rodriquez,* 411 U.S. 1, 17, 93 S.Ct. 1278, 1288, 36 L.Ed.2d 16 (1973).

Accord, *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312, 314, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976); Applying this analysis here, we think the District Court erred in holding that the Connecticut regulation violated the Equal Protection Clause of the Fourteenth Amendment. (Footnote omitted.)

It follows logically that if the Equal Protection Clause was not violated in *Maher v. Roe, id.*, and *Poelker v. Doe, supra*, where the state of Connecticut and the city of St. Louis refused to pay the medical expense of elective abortions even though they did pay medical expenses relating to pregnancy carried to term, that the failure of the state of Missouri (in this case) to provide a medical plan including abortions is not constitutionally impermissible.

The judgment of the trial court is affirmed.